IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOROTHY BINNS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-01637-RWS |
| CITY OF MARIETTA HOUSING : | |
| CHOICE VOUCHER PROGRAM, : | |
| : | |
| Defendant. : | |

**ORDER**

Plaintiff Dorothy Binns, pro se, filed this action on May 14, 2013, and on May 16, 2013, Magistrate Judge Walter E. Johnson entered an order granting Plaintiff's Motion to Proceed in forma pauperis. On November 29, 2013, Plaintiff filed a Motion to Amend the Complaint [4]. This case is presently before this Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    Background**

This case concerns the distribution of benefits under the federal government's Housing Choice Voucher Program pursuant to Section 8 of the Fair Housing Act ("FHA"). 42 U.S.C. §§ 3601-3619. The Section 8 program

increases affordable housing choices for low-income households by allowing qualified families to choose privately owned rental housing with the help of vouchers from local public housing authorities ("PHA") to subsidize their monthly rent payment. 24 C.F.R. § 982.1(a).

In a previous lawsuit against the City of Marietta Housing Authority, Plaintiff sought to reverse the PHA's original decision to deny her Section 8 benefits. See generally Binns v. City of Marietta Housing Authority, No. 1:07-CV-0070-RWS, 2010 WL 1138453 (N.D. Ga. Mar. 22, 2010). After settling her previous case and thereby obtaining Section 8 benefits, Plaintiff now alleges that Defendant discriminated and retaliated against her by denying her request for an extra bedroom to accommodate a live-in aide. (See generally Pl. Am. Compl., Dkt. [4]).

Plaintiff is disabled as a result of her rheumatoid arthritis. She asked the Marietta Housing Authority to approve a live-in aide to care for her pursuant to 24 C.F.R. § 982.316, under which a disabled recipient of housing subsidies may request approval of a live-in aide to "provide necessary supportive services." (Pl. Am. Compl., Dkt. [4] ¶¶ 7, 9, 11). While the Marietta Housing Authority apparently approved a live-in aide, it denied Plaintiff an extra bedroom to

2

accommodate the aide. (Id. ¶ 15.) Plaintiff alleges that the denial violated the Fourteenth Amendment of the United States Constitution, the Fair Housing Act, 42 U.S.C. § 3601 et seq., the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

## II. Frivolity Review Standard

A federal court is required to dismiss an in forma pauperis complaint at any time if the court determines that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Generally, a claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or the "legal theories indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), cert. denied, 510 U.S. 893 (1993). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). However, the court may not dismiss an in forma pauperis complaint "simply because the

3

court finds the plaintiff's allegations unlikely." Id. Further, pro se complaints are liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Finally, because Defendant has not yet been served, Plaintiff's Motion to Amend the Complaint [4] is **GRANTED** pursuant to Federal Rule of Civil Procedure 15. See FED. R. CIV. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it . . . ."). Therefore, the Court examines the Amended Complaint to conduct its frivolity determination.

### III. Analysis

The Court first considers Plaintiff's disability discrimination claim. The FHA makes it unlawful to "make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). It also prohibits discrimination against any buyer or renter because of a handicap of that buyer or renter. Id. § 3604(f). Under the Act, "discrimination" includes "a refusal to make reasonable accommodations in rules, policies, practices, or services" for a disabled person "when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Id. § 3604(f)(3)(B).

Under 24 C.F.R. § 982.402, a PHA must establish subsidy standards to determine the appropriate number of bedrooms for which a family of a given size (also known as "family-unit size") will receive a voucher. If someone requires a live-in aide, the aide is counted in determining family-unit size. Id. § 982.402(b)(6) ("any live-in aide . . . must be counted in determining family unit size").

Construing the Amended Complaint liberally at this early stage of the proceedings, the Court finds that Plaintiff's claim of discrimination under the FHA is not frivolous. Plaintiff alleges that she made requests for the accommodation of a live-in aide, which she needed due to her disability. (Pl. Am. Compl., Dkt. [4] ¶¶ 15-17). While Defendant granted the live-in aide request, Plaintiff further states that Defendant did not change her family-unit size and denied her requests for an exception to the minimum rent requirement. Id. (PHA told Plaintiff after granting request that her "certified bedroom size will not change with the addition of the aid[e].") Plaintiff alleges that Defendant's denial of an extra bedroom for the live-in aide amounts to a failure to provide a reasonable accommodation for her disability. The Court finds that these allegations raise an arguable claim of discrimination.

5

In light of the relevant standard for frivolity, at this early stage Plaintiff has stated a non-frivolous claim for discrimination under the FHA. Because Plaintiff has at least one non-frivolous claim, the Court concludes—without assessing the viability of any other claims—that Plaintiff's suit should be allowed to proceed like any other case.

## IV.   Conclusion

Based on the foregoing, Plaintiff's Motion to Amend the Complaint [4] is **GRANTED**, and Plaintiff's claims are **ALLOWED TO PROCEED**. The Clerk of Court is **DIRECTED** to send Plaintiff a USM 285 form, summons, and initial disclosures for the City of Marietta Housing Authority. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and initial disclosures form for the City of Marietta Housing Authority and to return them to the Clerk within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is also **DIRECTED** to prepare and transmit to the U.S. Marshals Service a service package for service upon the

6

City of Marietta Housing Authority as set forth in Federal Rule of Civil Procedure 4(j)(2).[1] Each service package must include the appropriate USM 285 form, the summons, and a copy of the Complaint. Upon the receipt of such package, the U.S. Marshals Service is **DIRECTED** to serve the aforementioned parties in accordance with the requirements of Federal Rule of Civil Procedure 4(j)(2).

Plaintiff is **DIRECTED** to serve upon Defendant or its counsel a copy of every additional pleading or other document filed with the Clerk. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or its counsel. The Court will disregard any submitted papers that have not been properly filed with the Clerk or that do not include a certificate of service.

Plaintiff is also **DIRECTED** to keep the Court and Defendant advised of her current address at all times while this action is pending. The Court admonishes Plaintiff that failure to do so may result in the dismissal of this action.

---

[1] A service waiver package is not appropriate in this case because Defendant is a division of local government. See Fed. R. Civ. P. 4(d)(1) (specifying types of defendants eligible to waive service).

**SO ORDERED**, this   19th   day of March, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE