IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DOROTHY BINNS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| CITY OF MARIETTA, GEORGIA, : | 1:13-CV-1637-LMM |
| (HOUSING CHOICE VOUCHER : | |
| PROGRAM), : | |
| : | |
| Defendant. : | |

## ORDER

This case comes before the Court on Plaintiff's unopposed Motion to Revise the Second Amended Complaint [32]. See LR 7.1B, NDGa. After a review of the record and due consideration, the Court enters the following Order.

Plaintiff, filing *pro se*, moves this Court for leave to "revise" her Second Amended Complaint which was just filed on December 9, 2014, following this Court's Order which allowed the amendment. Dkt. No. [30]. Defendant City of Marietta has not yet answered the Second Amended Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading (1) once as a matter of course within 21 days after serving it, or (2) 21 days after service of a motion or responsive pleading. FED. R. CIV. P. 15(a)(1). If a party seeks to amend its pleading outside these time limits, it may

do so only by leave of court or by written consent of the adverse party.  FED. R. CIV. P. 15(a)(2).  "The court should freely give leave when justice so requires." Id.; accord Foman v. Davis, 371 U.S. 178, 182 (1962); Shipner v. E. Air Lines, Inc., 868 F.2d 401, 406-407 (11th Cir. 1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires.").  Rule 15(a)'s liberal policy of "permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Id. at 407.  Thus, the Court should deny leave to amend only where the amendment will result in undue delay, bad faith, undue prejudice, a repeated failure to cure deficiencies by amendments previously allowed, or futility.  Foman, 371 U.S. at 182; Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.")  (quoting Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)); cf. Bryant v. Dupree, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (reversing district court's decision to deny leave to amend a complaint because there was no evidence of prejudice to the defendant).

     Upon review of Plaintiff's proposed Revised Second Amended Complaint, the Court **GRANTS** Plaintiff's Motion to Amend [32]. Defendant does not oppose this Motion.

3

The Court does note, however, that Plaintiff should not file monthly amendments to her complaints. Requiring Defendant to repeatedly file answers in response to Plaintiff's amendments may cause Defendant an undue burden and may cause the Court to prevent future amendments to Plaintiff's complaints.

## Conclusion

Plaintiff's Motion to Revise the Second Amended Complaint [32] is **GRANTED, as unopposed**. The Clerk is **DIRECTED** to docket Plaintiff's Revised Second Amended Complaint, Dkt. No. [32] at 3-20, as the operative complaint in this matter.

**IT IS SO ORDERED** this 6th day of January, 2015.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE